UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SOUTHSTAR FINANCIAL, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOINT SYSTEMS & HARDWARE ) <br> SOLUTIONS, LLC, AND JERRAINE ) <br> SHONDALE HALL, ) <br> ) <br> Defendants. ) | CASE NO.: 2:19-cv-03151-DCN <br><br> **COMPLAINT** <br> **(NON-JURY TRIAL REQUESTED)** |

## COMPLAINT

Plaintiff SouthStar Financial, LLC, by and through its undersigned counsel, brings this Complaint against Defendant Joint Systems & Hardware Solutions, LLC, a North Carolina limited liability company and Jerraine Shondale Hall, a citizen of North Carolina based on the allegations set forth below.

## PARTIES, JURISDICTION, & VENUE

1. Plaintiff SouthStar Financial, LLC ("SouthStar") is a South Carolina limited liability company with its principal place of business in Charleston County, South Carolina.

2. Upon information and belief, Defendant Joint Systems & Hardware, Solutions, LLC ("Joint Systems" or "Defendant") is a limited liability company incorporated in the state of North Carolina. Carolina as a foreign limited liability company, has maintained a business address in Charleston County at times relevant to

-1-

this action, and currently operates its business at 701 East Bay Street, Suite 302, Charleston, South Carolina.

3.      Upon information and belief, Jerraine Shondale Hall ("Hall" or "Defendant") is a citizen and resident of North Carolina having an address of 206 Kornegay Street, Dover, NC 28526.

4.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, and the parties are citizens of different states.

5.      Venue is proper pursuant to the express agreement and consent of Joint Systems to the choice of venue and choice of law provision contained in Section 15 of the Non-Recourse Factoring and Security Agreement dated August 7, 2017 ("Factoring Agreement"), which were duly signed by Join Systems owner and CEO Jerraine Shondale Hall, and are the subject of Plaintiff's claim against Joint Systems and Hall, which holds "In the event any dispute whatsoever arises between the Parties in relation to or in any way in connection with this Agreement (the Factoring Agreement), the dispute shall be brought exclusively in courts of competent jurisdiction in the State of South Carolina, County of Charleston, and the Parties irrevocably consent to the exclusive jurisdiction of the sate an federal courts located in Charleston, South Carolina waiving any argument as to *forum non conviens*."

## FACTS

6.      Plaintiff reincorporates paragraphs 1 through 5 above as if fully set forth verbatim herein.

7. Upon information and belief, Joint Systems is in the business of providing network installation services to the federal and state government, and to private companies.

8. Jerraine Shondale Hall ("Hassell") is the CEO and Managing Member of Joint Systems and is the authorized representative that signed documentation on behalf of Joint Systems.

9. Joint Systems and SouthStar Financial, LLC, entered into the Factoring Agreement, in addition to other related financing documents on August 7, 2017, wherein SouthStar agreed to advance funds to Joint Systems to assist in the operation of its business, in return for taking a first priority security interest in all of the assets of Joint Systems and the agreement for the purchase and sale of accounts receivable pursuant to the terms of the Factoring Agreement.

10. To perfect its security interest in Joint Systems' accounts receivables and other assets, SouthStar filed a UCC-1 Financing Statement with the Secretary of State's Office in North Carolina to perfect its security interest in all of the assets of Joint Systems.

11. Jerraine Shondale Hall signed a Continuing Guaranty Agreement dated August 7, 2017, wherein Hall unconditionally guaranteed all of the obligations of Joint Systems under the Factoring Agreement and associated documents representing the financing agreement between Joint Systems and SouthStar Financial, LLC.

12. Upon entering into the Factoring Agreement, Joint Systems tendered for purchase and sale to SouthStar, and SouthStar purchased on the terms and conditions

consistent with the Factoring Agreement, invoices including, but not limited to, AFB 001/P.O. 501853 in the face amount of $27,350.67 (the "Invoice").

13. Upon information and belief, the Invoice was due and payable by Sumaria Systems, Inc. ('Sumaria"), pursuant to an AFNET Installation Project taking place at Andersen Air Force Base located in Guam, wherein Joint Systems was contracted to perform AFNET Installation and other network installation services.

14. Upon Joint Systems' tendering of the Invoice for purchase to SouthStar, SouthStar served Sumaria with a Notice of Assignment (the "NOA") of accounts receivable in accordance with UCC § 9-406 and S.C. Code Ann. § 36-9-406(a) which was authenticated by the assignor Hall on behalf of Joint Systems that the amounts due or to become due to Joint Systems had been assigned, and that payment was to be properly made to assignee SouthStar, informing Sumaria of its obligation to pay SouthStar for any payments that may become due and owing to Joint Systems under the Invoice and arising out of the project(s).

15. The express terms of the Invoice further evidences that SouthStar is the proper party to be paid out of the Invoice upon the completed services by Joint Systems. A true and correct copy of the Invoice detailing that payment is to be remitted to SouthStar is attached hereto as **Exhibit 1**.

16. SouthStar has advanced additional sums to Joint Systems under the Factoring Agreement which are separate and in addition to the the funds advanced to Joint Systems for the purchase and sale of the Invoice.

17. To date SouthStar has not received payment on the Invoice, or any other accounts receivable from Sumaria on the AFNET project(s) with respect to the work and services to be performed by Joint Systems at Andersen Air Force Base.

18. SouthStar issued demands for payment of the Invoice to Sumaria beginning around July and August of 2019, including but not limited to, an August 26, 2019 letter from its legal counsel to Sumaria.

19. Upon information and belief, Sumaria has consistently asserted and provided documentation evidencing that Joint Systems failed to complete the work and services necessary to make the Invoice ripe, due, and payable to SouthStar, and Joint Systems has repeatedly failed to appear at scheduled times and locations to complete the work necessary to fulfill its contractual obligations on the projects to make payment on the Invoice payable.

20. SouthStar issued demands for payment of the Invoice and all amounts due under the Factoring Agreement to Joint Systems, and for Joint Systems to fulfill its obligations under the contracts for the AFNET project and the CCTV project in order for Sumaria to release payment on the Invoice and other accounts receivables to SouthStar.

21. Pursuant to Section 7 of the Factoring Agreement, Joint Systems made representations and warranties upon the sale of all of its accounts receivables to SouthStar, including the Invoice, that the payment of each Invoice was not contingent upon fulfillment of any obligation or condition, and any and all obligations required by Joint Systems for payment of the Invoice had been fulfilled.

22.     Joint Systems has continuously failed or refused to perform and fulfill its contractual obligations with Samaria under the Invoice and other accounts receivable that it sold to SouthStar in breach of its representations and warranties to SouthStar under the Factoring Agreement that it had completed all of the obligations for fulfilment of payment upon tendering the Invoice to SouthStar for purchase.

23.     Joint Systems breach of its representations and warranties regarding the purchased Invoice, not to exclude other breaches of the Factoring Agreement, by SouthStar is an "Occurrence of Default" under Section 9(a) of the Factoring Agreement for the failure and inaccuracy of Joint Systems representations and warranties regarding its fulfillment of obligations for payment of the Invoice sold to SouthStar.

24.     Due to Joint Systems' breach of the Factoring Agreement and continuous failure to attempt to cure such breaches, Joint Systems is and remains in default of its obligations under the Factoring Agreement.

25.     Upon demand for payment, both Hall and Joint Systems have failed to make payment to SouthStar for the outstanding sums due under the Factoring Agreement and Guaranty, in breach of the Defendants obligations under both agreements.

**FOR A FIRST CAUSE OF ACTION**
**(Breach of Contract: Non-Recourse Factoring Agreement)**
*Against Joint Systems*

26.     SouthStar reincorporates paragraphs 1 through 25 above as if fully set forth verbatim herein.

27.     SouthStar and Joint Systems entered into a Factoring Agreement dated August 7, 2017, wherein the parties agreed to terms and conditions for the purchase and sale of invoices and other accounts receivables.

28.     Joint Systems tendered the Invoice AFB 001/P.O. 501853 in the face amount of $27,350.67 arising out of services to be performed at the Andersen Air Force Base in Guam, and SouthStar purchased the Invoice pursuant to the terms and conditions to the Factoring Agreement.

29.     SouthStar advanced additional funds to Joint Systems under the Factoring Agreement above and beyond the purchase of the Invoice to Joint Systems, and Joint Systems has failed to cause or make payment of the outstanding amounts to SouthStar as required under the terms of the Factoring Agreement.

30.     Joint Systems failed to fulfill its obligations on the Invoice to Sumaria Systems, Inc., in order to cause payment of the Invoice and other accounts receivables to be due and payable to SouthStar in breach of the terms of the Factoring Agreement.

31.     Joint Systems further breached the Factoring Agreement by failing to remedy its breach and complete the fulfillment of its obligations to Sumaria under the Invoice and other accounts receivables of Hoist Systems in order to make payment due and payable to SouthStar for an Invoice and other accounts receivables purchased at face value by SouthStar.

32.     Joint Systems further breached the Factoring Agreement by failing to make payment to SouthStar on all funds advanced to Joint Systems under the Factoring

Agreement which remain outstanding, including all charges, costs, and fees associated with such advances.

33. Pursuant to Joint Systems' breach of the Factoring Agreement, Joint Systems in is Default of the Factoring Agreement with SouthStar.

34. SouthStar has issued demands for payment on the Invoice and other outstanding amounts due under the Factoring Agreement to Joint Systems and Hall, and to date no payment has been made by the Defendants under the Factoring Agreement or the Guaranty.

35. The Factoring Agreement further provides that should SouthStar have to take any action to collect or enforce its rights against the Defendants upon an event of default, all costs, including reasonable attorney's fees, shall be covered by and paid to SouthStar by the Defendants, along with all other costs incurred by SouthStar in enforcing the Factoring Agreement.

36. As a direct and proximate cause of Joint Systems' breach and ongoing default under the Factoring Agreement, SouthStar suffered, and continues to suffer, damages in an amount no less than $90,552.86, plus attorneys' fees and costs, and pre-judgment interest.

**AS A SECOND CAUSE OF ACTION**
**(Breach of Contract – Continuing Guaranty Agreement)**
*Against Jerraine Shondale Hall*

37. SouthStar reincorporates paragraphs 1 through 36 above as if fully set forth verbatim herein.

38. Jerraine Shondale Hall signed a Continuing Guaranty Agreement dated August 7, 2017, wherein Hall guaranteed to pay all of the obligations under the Factoring Agreement to SouthStar upon demand.

39. Specifically, the Guaranty states that "if the Client (Joint Systems) fails to pay the indebtedness promptly as the same becomes due, or otherwise fails to perform any obligation under any of the Agreements, each Guarantor agrees to pay on demand the entire Indebtedness and all losses, costs, attorneys; fees and expenses which may be suffered by the Company by reason of the Client's default or the attorneys' fees and expenses which may be suffered by the Company by reason for the Client's default or the default of any Guarantor hereunder."

40. Outstanding sums are due under the Factoring Agreement, and Joint Systems is in breach and default of the Factoring Agreement for failure to fulfill its contractual obligations on the Invoice and other accounts receivables, and for failure to make payment of the outstanding sums due to SouthStar under the Factoring Agreement.

41. SouthStar has demanded payment from Joint Systems and Hall for the outstanding balance under the Factoring Agreement, and to date, no payment has been made by Joint Systems, Hall, or a party on their behalf.

42. Hall is in breach of his obligations under the Guaranty Agreement for failure to pay the indebtedness due to SouthStar under the Factoring Agreement upon SouthStar's demand for Hall to make such payment.

43. As a direct and proximate cause of Hall's breach of the Guaranty Agreement for failure to pay all sums due and owing under the Factoring Agreement,

SouthStar suffered, and continues to suffer, damages in an amount no less than $90,552.86, plus attorneys' fees and costs, and pre-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, SouthStar respectfully requests that this Court enter judgment against Defendants on all causes of action and the Plaintiff be awarded:

    A.    Actual damages in an amount to be determined by the Court, not less than $90,552.86;

    B.    Consequential and incidental damages in an amount to be determined by the Court;

    C.    Pre- and post-judgment interest;

    D.    Reasonable attorneys' fees and costs; and

    E.    Such other and further relief as this Court deems just and appropriate.

Respectfully Submitted,

**LAW OFFICES OF L.W. COOPER JR., LLC**

*/s/ Nicholas P. Tierney*
Lindsey W. Cooper Jr. (Fed. ID 9909)
Nicholas P. Tierney    (Fed. ID 12268)
36 Broad Street
Charleston, SC 29401
Tel: 843.375.6622
Fax: 843.375.6623
lwc@lwcooper.com
nick@lwcooper.com

*Counsel for SouthStar Financial, LLC*

Charleston, South Carolina
November 6, 2019