IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| SOUTHSTAR FINANCIAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:19-cv-3151-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| JOINT SYSTEMS & HARDWARE SOLUTIONS, LLC and JERRAINE SHONDALE HALL, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the court on plaintiff Southstar Financial, LLC's ("Southstar") motion for default judgment, ECF No. 9. For the reasons set forth below, the court grants the motion for default judgment against defendants Joint Systems & Hardware Solutions, LLC and Jerraine Shondale Hall (collectively, "defendants") in the amount of $95,964.56.

Default judgments are governed by Federal Rule of Civil Procedure 55, which contemplates a two-step procedure. The first step is the entry of default, which must be made by the clerk "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The second step is the subsequent entry of a default judgment, which must be done by the clerk "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," Fed. R. Civ. P. 55(b)(1), but otherwise must be done by the district court, see Fed. R. Civ. P. 55(b)(2) ("In all other cases, the party must apply to the court for a default judgment . . . ."). Fidrych v. Marriott Int'l, Inc., 952 F.3d 124, 130 (4th Cir. 2020).

1

When a request for default judgment includes a prayer for reasonable attorney's fees, some courts have found that the request is not for "sum certain".  See Combs v. Coal & Mineral Mgmt. Servs., Inc., 105 F.R.D. 472, 475 (D.D.C. 1984) (the "conclusion that 'reasonable attorney's fees' are not a sum certain within the meaning of Rule 55(b)(1) is amply supported by precedent.").  As such, these courts have found that requests for default judgment that include reasonable attorney's fees may be entered by the court only upon the moving party's application under Rule 55(b)(2), instead of by the clerk under Rule 55(b)(1).  See id.; see also Design & Dev., Inc. v. Vibromatic Mfg., Inc., 58 F.R.D. 71, 74 (E.D. Pa. 1973).

Southstar filed this action on November 6, 2019.  ECF No. 1.  After defendants failed to respond, the clerk entered default on March 27, 2020.  ECF No. 8.  On October 12, 2020, Southstar filed the instant motion requesting that the clerk enter default judgment in the amount of $95,964.56, which he claimed was a "sum certain."  ECF No. 9.  Southstar calculates the damages as $90,552.86 in liquidated damages and $5,411.70 in attorney's fees and costs.  ECF Nos. 9-1 and 9-5.  The court agrees that the former amount is for sum certain.  Because some courts would find Southstar's request for reasonable attorney's fees as a request that is not for sum certain, the court construes Southstar's motion as a petition to the court rather than a request to the clerk.  Having reviewed counsel for Southstar's accompanying affidavit, the court agrees that attorney's fees and costs in the amount of $5,411.70 are reasonable.  See Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009) (finding that "because a district court has close and intimate knowledge of the efforts expended and the value of the services rendered," it enjoys a broad latitude in determining which fees are reasonable).  Because

the court finds that Southstar's request for liquidated damages is for "sum certain" and its request for reasonable attorney's fees is, in fact, reasonable, it grants Southstar's motion for default judgment against defendants.

Accordingly, the court **GRANTS** the motion for default judgment against Joint Systems & Hardware Solutions, LLC and Jerraine Shondale Hall in the amount of $95,964.56.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**October 22, 2020**
**Charleston, South Carolina**